UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X          <u>For Online Publication Only</u>

MATTHEW GINSBERG,

                                  Plaintiff,          **<u>ORDER</u>**
                                            21-CV-0207 (JMA)

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
--------------------------------------------------------------------X

FILED
CLERK
2:33 pm, Mar 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff <u>pro se</u> Matthew Ginsberg ("Plaintiff") seeks review and reversal of the final decision by the Commissioner of Social Security ("Commissioner" or "Defendant"), reached after a hearing before an administrative law judge, denying his application for Social Security disability and disability insurance benefits under Title II of the Social Security Act (the "Act").  Before the Court is the Commissioner's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 18.)  For the following reasons, the Commissioner's motion is GRANTED.

## I.      BACKGROUND

      The Court assumes the parties' familiarity with this matter and summarizes the relevant facts and history based on the record on appeal and the parties' instant motion papers.

      Plaintiff filed his application for disability insurance benefits on December 26, 2017, alleging a disability onset date of May 1, 2016 due to bipolar disorder, depression, anxiety, esophagitis, gastrointestinal and digestive issues, and heel spurs.  (Tr.[1] 16, 201.)  He was 47 years old at the time.  (Tr. 128, 170.)  Following the denial of his application, Plaintiff requested a hearing.  (Tr. 128.)  On January 29, 2020, Administrative Law Judge Andrew S. Weiss (the "ALJ")

---

[1] Citations to "Tr." refer to the corresponding pages of the certified administrative transcript. (ECF No. 17.)

conducted an administrative hearing, at which Plaintiff was represented by counsel.  (Tr. 34-58.)
An impartial vocational expert ("VE") also appeared at the hearing.  (Id.)

In a decision dated February 13, 2020, the ALJ denied Plaintiff's claim.  (Tr. 13-32 (the
"Decision").)  The ALJ followed the five-step analysis pursuant to 20 C.F.R. § 404.1520.  First,
the ALJ determined that Plaintiff had engaged in substantial gainful activity since the alleged
disability onset date, but "because there was a 12-month period in which [Plaintiff] did not engage
in substantial gainful activity," the ALJ proceeded with his evaluation.[2]  (Tr. 19.)  Second, the ALJ
found that Plaintiff suffered from a pair of severe impairments:  (1) gastroesophageal reflux disease
("GERD"); and (2) status post-Nissen fundoplication.  (Id.)  Third, the ALJ decided that these
impairments did not meet or medically equal the severity of at least one of the listed impairments
in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23.)  Although the ALJ considered "listed
impairments" under Listings 5.06 (inflammatory bowel disease) and 5.08 (weight loss due to
digestive disorder), he determined that the documented medical evidence did not satisfy the criteria
for impairment under either of these Listings.  (Id.)  Fourth, the ALJ found that Plaintiff had the
residual functioning capacity ("RFC") to perform "the full range of light work as defined in 20
CFR 404.1567(b)" and found that Plaintiff could perform his past relevant work as a teacher, since
that work did not require the performance of any activities precluded by Plaintiff's RFC.  (Tr. 23,
26.)  The ALJ thus did not proceed to step five of the analysis, and instead concluded that Plaintiff
was "not disabled," as defined by the Act, from May 1, 2016, through the Decision date.  (Tr. 27.)

The Decision became final on November 16, 2020, when the Appeals Council denied
Plaintiff's request for review.  (Tr. 1-7.)  This appeal followed.

---

[2] This finding was based primarily on Plaintiff's testimony that he went back to full-time work as of April 7,
2019.  (Tr. 19.)

2

## II.      LEGAL STANDARDS

### A.      <u>Standard of Review</u>

In reviewing a denial of disability benefits by the Social Security Administration, it is not the function of the Court to review the record <u>de novo</u>, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard." <u>Schaal v. Apfel</u>, 134 F.3d 496, 501 (2d Cir. 1998) (quoting <u>Beauvior v. Chater</u>, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Perez v. Chater</u>, 77 F.3d 41, 46 (2d Cir. 1996) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." <u>Snell v. Apfel</u>, 177 F.3d 128, 132 (2d Cir. 1999) (quoting <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." <u>State of New York ex rel. Bodnar v. Sec. of Health and Human Servs.</u>, 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." <u>Veino v. Barnhart</u>, 312 F.3d 578, 586 (2d Cir. 2002).

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). <u>See also Shalala v. Schaefer</u>, 509 U.S. 292, 296–97 & n.1 (1993). The "reviewing court will order remand for further proceedings when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or incorrectly applied the applicable laws and regulations." <u>Kessler v. Comm'r of Soc. Sec.</u>, No. 17-

cv-4264, 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing Rosa v. Callahan, 168 F.3d 72,

82–83 (2d Cir. 1999)).

**B.**     **Social Security Disability Standard**

Under the Act, "disability" is defined as "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is disabled when his

"physical or mental impairment or impairments are of such severity that he is not only unable to

do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy[.]"  Id. §

423(d)(2)(A).

As discussed above, the Commissioner's regulations set out a five-step sequential analysis

by which an ALJ determines whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.

Within this framework, a claimant will be found disabled if the Commissioner determines:

> (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that
> the impairment is not one [listed in Appendix 1 of the regulations] that conclusively
> requires a determination of disability, and (4) that the claimant is not capable of
> continuing in his prior type of work, the Commissioner must find his disabled if (5)
> there is not another type of work the claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d

99, 106 (2d Cir. 2003)).  At step four, the Commissioner determines the claimant's RFC before

deciding if the claimant can continue in his prior type of work.  20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  The claimant bears the burden at the first four steps, but the burden shifts to the

Commissioner at step five.  Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam).

As Plaintiff's application for disability insurance benefits was filed after March 27, 2017,

his claims are governed by the current regulations concerning the consideration of medical

4

opinions.  See Darcy v. Comm'r of Soc. Sec., No. 20-cv-4769, 2023 WL 2035945, at *2 (E.D.N.Y. Feb. 16, 2023) (citing 20 C.F.R. § 404.1520c).  "Under the new regulations, a treating doctor's opinion is no longer entitled to a presumption of controlling weight." Knief v. Comm'r of Soc. Sec., No. 20-cv-6242, 2021 WL 5449728, at *6 (S.D.N.Y. Nov. 22, 2021) (quotation marks omitted).  ALJs no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).

Under the current regulations, an ALJ "must evaluate the persuasiveness of all medical opinions in the record based on five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion." Rosario v. Comm'r of Soc. Sec., No. 21-cv-1151, 2022 WL 4593069, at *5 (S.D.N.Y. Sept. 30, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)).  Supportability and consistency are the most important factors in evaluating a medical opinion. Id. (citing 20 C.F.R. § 404.1520c(b)(2)).   For the "supportability" factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  For the "consistency" factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. § 404.1520c(c)(2).  "As part of his or her decision, the ALJ must explain how the factors of supportability and consistency were considered." Rosario, 2022 WL 4593069, at *5 (citing id. § 404.1520c(b)(2)).  Generally, the ALJ may, but is not required to, explain how the other factors were considered. Id. § 404.1520c(b)(2); Rosario, 2022 WL 4593069, at *5.

### III.   DISCUSSION

Plaintiff broadly argues that the Decision should be reconsidered and reversed.  (Pl.'s Opp.[3] at 1-2.)  Defendant contends that substantial evidence supports the ALJ's decision and that the ALJ properly found that Plaintiff's impairments did not preclude him from performing his past relevant. (Def.'s Mem. at 1.)  The Court agrees with Defendant.

### A.   The ALJ's Evaluation of Plaintiff's Impairments Under the Listings[4]

While difficult to decipher, Plaintiff appears to initially challenge the ALJ's step three finding that his impairments – namely, GERD and status-post Nissen fundoplication – did not meet or medically equal the relevant Listings.  (See generally Pl's Opp.; Tr. 23.)  The Listings describe impairments of major body systems that are so severe that they prevent an individual from doing any substantial gainful activity.  See 20 C.F.R. § 404.1525(a).  "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria."  Reyes v. Comm'r of Soc. Sec., No. 21-cv-372, 2022 WL 4482543, at *6 (S.D.N.Y. Sept. 27, 2022) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in original)).  Similarly, the impairment must have lasted or be expected to last for at least 12 months, and "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify."  See id.; 20 C.F.R. § 404.1525(c)(4).

Substantial evidence exists to support the ALJ's determination that Plaintiff's impairments do not meet or medically equal the relevant Listings.  Initially, as noted above, the ALJ considered whether Plaintiff's impairments satisfied the criteria of Listings 5.06 (inflammatory bowel disease)

---

[3] "Pl.'s Opp." refers to Plaintiff's letter submitted in opposition to Defendant's motion for a judgment on the pleadings (ECF No. 16).  "Def.'s Mem." refers to the Commissioner's "Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings" (ECF No. 18).

[4] While Plaintiff's opposition generally challenges the Decision, he does not oppose the determinations that he: (1) engaged in "substantial gainful activity" since the alleged disability onset date; or (2) suffered from a pair of severe impairments. As such, the Court grants Defendant's motion as to these findings.

or 5.08 (weight loss due to digestive disorder).   (Tr. 23.)  Listing 5.06 requires both:  (1) the

presence of an inflammatory bowel disease, documented by medical findings; and

> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with
> proximal dilatation, confirmed by appropriate medically acceptable imaging or in
> surgery, requiring hospitalization for intestinal decompression or for surgery, and
> occurring on at least two occasions at least 60 days apart within a consecutive 6-
> month period; or
>
> B. Two of the following despite continuing treatment as prescribed and occurring
> within the same consecutive 6-month period:
>
>> 1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two
>> evaluations at least 60 days apart; or
>>
>> 2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at
>> least 60 days apart; or
>>
>> 3. Clinically documented tender abdominal mass palpable on physical
>> examination with abdominal pain or cramping that is not completely
>> controlled by prescribed narcotic medication, present on at least two
>> evaluations at least 60 days apart; or
>>
>> 4. Perineal disease with a draining abscess or fistula, with pain that is not
>> completely controlled by prescribed narcotic medication, present on at least
>> two evaluations at least 60 days apart; or
>>
>> 5. Involuntary weight loss of at least 10 percent from baseline, as computed
>> in pounds, kilograms, or BMI, present on at least two evaluations at least 60
>> days apart; or
>>
>> 6. Need for supplemental daily enteral nutrition via a gastrostomy or daily
>> parenteral nutrition via a central venous catheter.

See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 5.06.

Based on the record, Plaintiff's impairments did not rise to this level of severity.

Specifically, there was no documented obstruction nor associated treatment as described in

paragraph A.  (See, e.g., Tr. 346, 596.)  Further, the documented medical findings do not comport

with paragraph B's requirements.  To the contrary, Plaintiff's condition improved after surgery,

and he returned to work full time. (See Tr. 38, 49, 302, 304, 613.)  Moreover, Plaintiff's

gastroenterologist, Dr. Robert Baranowski, attributed Plaintiff's complaints of severe vomiting and

stomach issues while working to excessive cannabis use, rather than listing-level bowel disease. (Tr. 613, 744.)  The ALJ considered the above, in light of the Listing 5.06's criteria – and the "particular consideration" given thereto – and found that Plaintiff was not impaired under Listing 5.06.  (Tr. 22-23.)  Based on this evidence, the Court concludes that substantial evidence existed to support the ALJ's finding that Plaintiff's impairments did not satisfy Listing 5.06's criteria.

Substantial evidence similarly supports the ALJ's finding that neither of Plaintiff's impairments satisfy Listing 5.08's criteria.  Listing 5.08 requires proof of a body-mass index ("BMI") of less than 17.5 kg/m2 based on two evaluations at least 60 days apart within a consecutive 6-month period.  (Tr. 23.)  The record lacks evidence necessary to satisfy this listing. Indeed, Plaintiff's BMI during the relevant period was documented between 19.9 and 30 kg/m2, a range above the 17.5 kg/m2 limit.  (Tr. 20, 25, 527.)  Plaintiff also denied weight loss during the period at issue, and Dr. Baranowski noted that his weight was stable, and he appeared well-nourished.  (Tr. 290, 446, 451, 616.)  This evidence again provided the basis for the ALJ's finding that, notwithstanding the "particular consideration" given to Listing 5.08's criteria, Plaintiff was not impaired under this Listing.   (Tr. 22-23.)  Accordingly, the Court again concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not rise to the level of severity as required under Listing 5.08.  Accordingly, the Court agrees with Defendant that the ALJ's step three findings are supported by substantial evidence.[5]

**B.      The ALJ's RFC Determination**

Based on the evidentiary record and hearing testimony, the ALJ next concluded that Plaintiff had the RFC to perform "the full range of light work as defined in 20 CFR 404.1567(b)."

---

[5] Plaintiff's failure to demonstrate that his impairments satisfied any of the Listings provides sufficient grounds to grant Defendant's motion in its entirety. See Wetzel v. Berryhill, 783 F. App'x 44, 47 (2d Cir. 2019) (quoting Poupore, 566 F.3d at 307) ("Where a claimant's 'subjective complaints [are] unsupported by objective medical evidence,' they may not defeat an ALJ's finding that a claimant's pain is not debilitating.") (brackets in original)). For the sake of the clarity, however, the Court addresses the parties' remaining arguments.

(Tr. 19, 23-26.)   Plaintiff again generally objects to this finding.   (See Pl.'s Opp. at 1-2.)   In formulating an RFC, an ALJ must consider all the relevant evidence and determine the most that a plaintiff can do, despite that plaintiff's impairments.   See 20 C.F.R. § 404.1545(a)(3).   Where, as here, a plaintiff challenges an ALJ's RFC evaluation, the burden is on the plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.   (See 20 C.F.R. § 404.1512(a).)

The evidentiary record yields substantial evidence to support the ALJ's RFC determination. Here, considering the medical evidence, as well as Plaintiff's daily activities and work history, the ALJ reasonably concluded that Plaintiff could perform the full range of light work.   (Tr. 23.)   This conclusion is supported by the internal medical examination of Plaintiff performed by Dr. Syeda Asad, which revealed moderate limits in Plaintiff's abilities to squat, kneel, and bend, but found an otherwise normal gait.[6]   (Tr. 504-05.)   This evidence, by itself, sufficiently supports the ALJ's RFC determination.

Notwithstanding, while Plaintiff has a history of GERD and related symptoms, the record does not support that he was impaired as alleged.   To this end, the ALJ appropriately considered the fact that Plaintiff treated his symptoms with two medications – Zofran and Omeprazole.   See Dowling v. Berryhill, No. 16-cv-4784, 2018 WL 472817, at *1 (E.D.N.Y. Jan. 18, 2018) (finding that the ALJ properly considered the claimant's improvement with conservative treatment and stating that her "conservative treatment regimen also indicates that she is not as restricted as she asserts"); see also Tr. 445, 456, 479, 619, 744.   The record further suggests, based on Plaintiff's hospital visit when he had not taken his medication, that the medication was effective in controlling his symptoms, and he was treated with Zofran and advised to comply with his medication treatment before being discharged.   (Tr. 479, 744.)   After he had the Nissen fundoplication and hiatal hernia

---

[6] Dr. Asad's report did not contain any substantive findings regarding Plaintiff's alleged impairments. (Tr. 503-06.)

repair in 2017, Plaintiff reported feeling good and was able to tolerate food.  (Tr. 304.)  A subsequent gastric emptying study was normal.  (Tr. 745.)

Plaintiff's instant appeal is belied by his work history, specifically that he substitute taught on and off and returned to teaching full-time in April 2019 despite relatively consistent complaints of vomiting, dry heaves, and other symptoms.[7]  (Tr. 24, 38, 469, 613, 616, 742.)  The ALJ's RFC evaluation is further buttressed by his finding that Plaintiff was able to maintain relatively normal daily activities.  Specifically, while Plaintiff repeats his prior argument that he had to be near a bathroom and could not work without this accommodation, he also indicated to the ALJ that his daily activities included "going out," and that he was able to shop, spend time with his girlfriend and her family, and travel, all while accommodating his need to stop and shower due to dry heaving.  (See Pl.'s Opp. at 2; Tr. 23, 217, 504, 616-18.)

Given the medical findings, Plaintiff's conservative and successful treatment, and his daily activities, the Court concludes that the ALJ reasonably determined that Plaintiff could perform light work, and that his RFC determination was supported by substantial evidence.  See Salinovich v. Comm'r of Soc. Sec. Admin., 783 F. App'x 67, 69 (2d Cir. 2019) (summary order) ("We agree with the District Court that the ALJ, as part of her residual functional capacity (RFC) determination, properly considered both Salinovich's daily activities…."); Burton v. Berryhill, No. 14-cv-07525, 2019 WL 1936726, at *9 (E.D.N.Y. May 1, 2019) (affirming ALJ's decision to discount plaintiff's description of the intensity, persistence and limiting effects of her symptoms due her testimony regarding "her activities of daily living and her ability to clean, wash clothes, and cook").  Accordingly, the Court agrees with Defendant that the ALJ's step four findings are supported by substantial evidence.

---

[7] Notably, even as Plaintiff reported these symptoms, he had a "normal GI series" and was told that excessive marijuana use was likely contributing to his symptoms. (Tr. 596, 744.)

**C.**     <u>**The ALJ's Evaluation of Plaintiff's Ability to Return to His Prior Relevant Work**</u>

Notwithstanding the record at hand, which is replete with contrary evidence, Plaintiff argues that the ALJ erred in finding that he was able to return to his prior relevant work as a teacher. (Pl.'s Opp. at 1-2.)  Defendant counters that the ALJ's determination that Plaintiff could return to his prior relevant work was not only supported by substantial evidence, but Plaintiff's RFC – describing a full range of light work – fits squarely with the definition of secondary school teacher found in the Dictionary of Occupational Titles ("DOT").  (Def.'s Mem. at 21.)  The Court agrees.

As set forth in the Decision, the ALJ relied upon both:  (1) Plaintiff's "on and off" work as a substitute teacher before he returned to work full-time in 2019; and (2) the VE's testimony that "a hypothetical individual with the claimant's age, education, experience and residual functional capacity would be able to perform the occupation of teacher as generally performed" pursuant to DOT code 091.227-010.  (Tr. 26-27.)  Based on the VE's testimony and Plaintiff's work history, the ALJ found that Plaintiff "is able to perform the occupation of teacher as actually performed" and concluded that Plaintiff had not been under a disability from May 1, 2016 through the date of the Decision.  (Tr. 26-27.)  These two pieces of evidence provide substantial support for the ALJ's finding.  <u>See</u> <u>Mosinski v. Astrue</u>, 484 F. App'x 578, 580 (2d Cir. 2012) (affirming District Court's judgment that ALJ's rejection of plaintiff's disability claim – when the plaintiff "had 'no complaints' and was working full time" within one month of receiving treatment for his symptoms was "supported by substantial evidence in the record.").  Accordingly, the Court finds that the ALJ properly determined that Plaintiff could return to his past relevant work as a teacher, and grants Defendant's motion as to this finding.[8]

---

[8] Plaintiff's opposition vaguely refers to a narrative report submitted to the Social Security Appeals Council by Dr. Jagdish Gidwani, a psychiatrist who treated Plaintiff prior to the alleged disability onset date. This report was not reviewed by the ALJ because Plaintiff's hearing counsel apparently failed to submit the report during the nearly five-month pre-hearing evidence submission period. (Tr. 17, 34, 101, 267.) The report itself does not suggest greater limitation than determined by the ALJ and is consistent with the ALJ's conclusion that Plaintiff was able to work as a teacher notwithstanding his reported symptoms. (Tr. 18-19.) Dr. Gidwani further noted that Plaintiff's symptoms

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Commissioner's motion for judgment on the pleadings.  The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  March 15, 2023
Central Islip, New York

_____/s/   (JMA)_____

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

improved with treatment, and his conclusion that Plaintiff was unable to hold a job due to unidentified "mental impairments" and "severe retching and dry heaves" is vitiated by Plaintiff's full-time return to work weeks later. (Tr. 11-12.) This Court thus concludes that this report, even if considered by the ALJ, would not have disturbed the otherwise substantial evidence underlying the ALJ's RFC evaluation and conclusion that Plaintiff was not disabled.